Michele J. Beilke (SBN 194098)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080
Email: mbeilke@reedsmith.com

Philip J. Smith (SBN 232462)
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA  94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269
Email: psmith@reedsmith.com

Attorneys for Defendants
Ricoh Americas Corporation and Ricoh USA, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK RULO,<br><br>         Plaintiff,<br><br>   vs.<br><br>RICOH AMERICAS CORPORATION, RICOH USA, INC., and DOES 1-100,<br><br>         Defendant. | Case No.<br><br>**DEFENDANTS RICOH AMERICAS CORPORATION'S AND RICOH USA, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1132, 1367, 1441, AND 1446** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF PATRICK RULO AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendants RICOH AMERICAS CORPORATION ("RAC") and RICOH USA, INC. ("RUI")(collective referred to hereafter as "Defendants") hereby remove to this Court the action described below that was filed in the Superior Court of California, County of San Francisco, based upon federal question, diversity and supplemental jurisdiction under 28 U.S.C.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Sections 1331, 1332, 1367, 1441 and 1446.  In compliance with 28 U.S.C. Section 1446(a), Defendant asserts the following grounds for removal:

1. On December 30, 2014, Plaintiff Patrick Rulo ("Plaintiff" or "Rulo") commenced an action against Defendants by filing a Complaint ("Complaint") in the Superior Court of California, County of San Francisco, entitled Patrick Rulo v. Ricoh Americas Corporation, Ricoh USA, Inc., and DOES 1-100, Case No. CGC-14-543465 (hereinafter, the "State Court Action"), against Defendant, alleging causes of action for: (1) discriminatory termination in violation of the California Family Rights Act ("CFRA"); (2) discriminatory termination in violation of the Family Medical Leave Act of 1993 ("FMLA"); (3) retaliation for exercising right to CFRA; (4) tortious termination in violation of public policy based upon CFRA; (5) disability discrimination in violation of Fair Employment and Housing Act ("FEHA"); (6) discrimination based on perceived disability in violation of FEHA; (7) disability discrimination in violation of FEHA, failure to engage in the interactive process; (8) failure to accommodate a disability in violation of FEHA; (9) tortious termination in violation of public policy based upon FEHA; (10) breach of implied-in-fact contract not to terminate without good cause; (11) breach of the implied covenant of good faith and fair dealing; (12) intentional infliction of emotional distress; (13) negligent infliction of emotional distress; (14) unfair business practices in violation of Business and Professions Code Section 17200, et seq.; and (15) discrimination based on perceived disability in violation of FEHA.  A true and correct copies of Plaintiff's Complaint is attached hereto as **Exhibit A** and is incorporated herein by reference as if set forth in full.

2. On January 15, 2015, Plaintiff served the Summons, Complaint and Civil Case Cover Sheet upon CT Corporation, Defendants' agent for service of process.  True and correct copies of the Summons and Civil Case Cover Sheet are attached hereto as **Exhibit B** and are incorporated herein by reference as if set forth in full.

3. On February 17, 2015, Defendants timely filed their Answer to the Complaint in the Superior Court of California, County of San Francisco.  A true and correct copy of Defendants' Answer is attached hereto as **Exhibit C** and is incorporated by reference as if set forth in full.

4.      Defendants have not filed, served or received any papers or pleadings in the State Court Action other than those attached hereto as Exhibits A, B and C.  Thus, the full and complete record of the proceedings before the Superior Court of California, County of San Francisco, are attached herewith.

5.      This Notice of Removal is timely filed, pursuant to 28 U.S.C. section 1446(b), in that it is filed within 30 days of Defendants' receipt of Plaintiff's Summons and Complaint.  *See FRCP* 6. No previous Notice of Removal has been filed or made with this Court for the relief sought.

**JURISDICTION AND VENUE**

6.      Venue lies with the United States District Court for the Northern District of California pursuant to 28 U.S.C. Section 1391 and 1441 because Plaintiff's State Court Action was filed in the San Francisco County Superior Court, which is located within the United States District Court for the Northern District of California.  The United States District Court is also the judicial district in which a substantial part of the alleged events that give rise to Plaintiff's claims purportedly occurred.  See Complaint, ¶ 1.  Therefore, this Court is the proper Court for the removal of the State Court Action.

7.      The State Court Action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. Sections 1331 and 1332, and this matter may be removed to this Court under the provisions of 28 U.S.C. Sections 1441(a) and (b), because this civil action arises under the law of the United States, this District Court embraces the place in which the State Court Action is pending, the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action involves citizens of different States.  The Court also has supplemental jurisdiction, pursuant to 28 U.S.C. Section 1367, over Plaintiff's state law claims because such claims are so related to claims over which the Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

**FEDERAL QUESTION JURISDICTION**

8.      This Court has original jurisdiction under 28 U.S.C. Section 1331 in that this civil action arises under the law of the United States, and thus presents a federal question, because

1  Plaintiff's Complaint asserts a claim for discriminatory termination in violation of the federal Family
2  Medical Leave Act of 1993 ("FMLA") and 29 U.S.C. Section 2601, *et seq.*  *Complaint*, ¶¶ 40-48.

### SUPPLEMENTAL JURISDICTION

9.  Based upon the above federal question jurisdiction, Plaintiff's remaining causes of action are claims over which this Court may properly exercise supplemental jurisdiction pursuant to 28 U.S.C. Section 1367 because they form part of the same case or controversy as the claims over which this Court has original jurisdiction.

### DIVERSITY OF CITIZENSHIP EXISTS

10.  This Court also has original jurisdiction under 28 U.S.C. Section 1332 because the action involves citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs.

11.  Complete diversity exists under 28 U.S.C. Section 1332 between Plaintiff and Defendants.

12.  Defendants are informed and believe that Plaintiff is, and at all relevant times was, a citizen of the state of California.  *See, for example, Complaint*, Exhibits 1 and 5.  *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *see also Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008) (place of residence provides "prima facie" case of domicile).

13.  Defendants RAC and RUI are both corporations.  28 U.S.C. Section 1332(c)(1) provides that corporations are deemed a "citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…." 28 U.S.C. § 1332 (c)(1).  Currently, and at that time this action was commenced in state court, Defendant RAC was incorporated under the laws of Delaware and Defendant RUI was incorporated under the laws of Ohio.  *Declaration of Terri Pattillo in Support of Defendants Ricoh Americas*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*Corporation's and Ricoh USA, Inc.'s Notice of Removal of Civil Action* ("*Pattillo Decl.*"), ¶¶ 4 and 5.  Accordingly, Defendant RAC is a citizen of the State of Delaware and Defendant RUI is a citizen of the State of Ohio.  Defendants have never been incorporated under the laws of the state of California.  *Pattillo Decl.*, ¶¶ 4 and 5.

14.     Both Defendants' principal place of business is located in the state of Pennsylvania.  A corporation's "principal place of business" as used in 28 U.S.C. § 1332(c) is a corporation's "nerve center," or "the place where a corporation's officers direct, control, and coordinate the corporation's activities."  *See Hertz v. Friend*, 130 S. Ct. 1181, 1192 (2010).  "[I]n practice," the Supreme Court explained, "it should normally be the place where the corporation maintains its headquarters."  *Id*.  A corporation's principal place of business is often the office which the public considers to be its main place of business.  *Id*. at 1193.  The Supreme Court emphasized in Hertz that the "nerve center test" should be one of "administrative simplicity."  *Id*.

15.     RAC's headquarters are, and were at the time that Plaintiff filed this action, in Malvern, Pennsylvania. . RAC's Pennsylvania headquarters serves as its actual center of direction, control, and coordination.  RAC holds the Pennsylvania office out to the public as its headquarters.  Moreover, RAC's high level corporate officers are based in Pennsylvania (including its Chairman and Chief Executive Officer, Senior Vice President of Human Resources, and General Counsel), and RAC conducts the business of managing the corporation from Pennsylvania.  For instance, the majority of RAC's executive and administrative functions, including Operations, Sales, Human Resources, and Legal, are directed from RAC's headquarters in Pennsylvania.  *Pattillo Decl.*, ¶¶ 7 and 9.

16.     RUI's headquarters are, and were at the time that Plaintiff filed this action, in Malvern, Pennsylvania.  RUI's Pennsylvania headquarters serves as its actual center of direction, control, and coordination.  RUI holds the Pennsylvania office out to the public as its headquarters.  Moreover, RUI's high level corporate officers are based in Pennsylvania (including its Chairman and Chief Executive Officer, Senior Vice President of Human Resources, and General Counsel), and RUI conducts the business of managing the corporation from Pennsylvania.  For instance, the majority of RUI's executive and administrative functions, including Operations, Sales, Human

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  Resources, and Legal, are directed from RUI's headquarters in Pennsylvania. *Pattillo Decl.*, ¶¶ 6
2  and 8.

3      17.    The Defendants named herein as "Does 1-100" are fictitious.  Unnamed defendants
4  sued as Does are not required to join in a removal petition and their citizenship is disregarded for
5  purposes of removal.  28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91
6  (9th Cir. 1998); *see also McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

7      18.    Based upon the foregoing, complete diversity of citizenship exists because Plaintiff is
8  a citizen of California and Defendants are citizen of Delaware, Ohio and Pennsylvania.

### THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

10     19.    Pursuant to 28 U.S.C. section 1446(c)(2), the sum demanded in good faith in the
11 initial pleading shall be deemed to be the amount in controversy.  Plaintiff's Complaint does not
12 indicate an amount of claimed damages, but was filed as an unlimited civil action.  Defendants
13 allege, based on information and belief, and for the purposes of this removal only, that it is facially
14 apparent from the Complaint that plaintiff's claim for damage exceeds $75,000.   In this regard,
15 Plaintiff seeks an award against Ricoh for: (i) special damages, (ii) general damages, (iii) punitive
16 damages, (iv) statutory attorneys' fees, (5) costs of suit incurred and for such further relief as the
17 Court deems proper.  *Complaint*, p. 28.

18     20.    The jurisdictional minimum in a diversity action may be satisfied by claims of
19 general and specific damages, attorney's fees, and punitive damages.  In cases alleging similar
20 claims, and seeking similar types of damages and fees, courts have found that the amount in
21 controversy has been satisfied.  *See e.g., White v. FCI USA, Inc.*, 319 F.3d 672, 674-675 (5th Cir.
22 2003) (affirming district court's finding that it was "facially apparent" in a wrongful termination
23 action that the amount in controversy exceeded $75,000 when considering plaintiff's "lengthy list of
24 compensatory and punitive damages sought by [plaintiff], when combined with attorney's fees");
25 *Goldberg v. C.P.C. Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorney fees may be taken into
26 account to determine jurisdictional amounts); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035
27 (N.D. Cal. 2002) (amount in controversy requirement "clearly satisfied" where plaintiff sought

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

compensatory damages, including lost wages, emotional distress damages, punitive damages, and attorney fees, notwithstanding that lost wages at time of removal totaled only $25,600).

21. The amount in controversy includes claims for general damages, exclusive of costs and interest. *See Ajimatanrareje v. Metropolitan Life Ins. Co.*, 1999 U.S. Dist. LEXIS 7339 at 4 (N.D. Cal. 1999) (emotional distress damages "may be considered in the amount in controversy even when not clearly pled in the complaint."); *and Conrad Associates v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). Here, Plaintiff prayer for relief seeks "general damages for emotional distress and mental anguish." *Complaint*, p. 28. Unspecified mental and emotional distress damages are properly considered in calculating the amount in controversy. *See Simmons*, 209 F. Supp. 2d at 1031-35. And to establish the amount of emotional distress damages in controversy, a defendant may introduce evidence of jury verdicts in cases involving analogous facts. *See Simmons*, 209 F. Supp. 2d at 1033. In California, courts have awarded substantial damages for emotional distress in employment cases. *See, e.g., Ismen v. Beverly Hospital*, 2008 WL 4056258 (Los Angeles Superior Court) (awarding plaintiff $113,100 in emotional distress damages for discrimination); *Espinoza v. County of Orange*, 2009 WL 6323832 (Orange Superior Court) (awarding plaintiff $500,000 in emotional distress damages for discrimination and harassment); *Lopez v. Bimbo Bakeries USA Inc.*, 2007 WL 4339112 (San Francisco Superior Court) (awarding plaintiff $122,000 in emotional distress damages for wrongful termination and failure to prevent discrimination).

22. Plaintiff's prayer for relief also seeks punitive damages. (Complaint, p. 28). Although California law does not provide any specific monetary limit on the amount of punitive damages which may be awarded under Civil Code § 3294, the proper amount of punitive damages under California law is based on the reprehensibility of a defendant's misdeeds, the ratio between compensatory and punitive damages, and ratio between damages and defendant's net worth. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357 (9th Cir. 1994). Punitive damages are included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F. 2d 785, 787 (9th Cir. 1963); *See also, State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *Aucina v. Amoco Oil Co.*, 871 F. Supp. 332 (S.D. Iowa 1994). In Aucina, the defendant-employer

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

established that the amount in controversy exceeded the jurisdictional minimum where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that defendant was a Fortune 500 Company, and that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct" the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *Aucina*, 871 F. Supp. at 334. Although Defendants' deny Plaintiff's allegations, if Plaintiff were to prevail on one of his claims and establish the requisite state of mind, the punitive damages alone could exceed the jurisdictional minimum.

23. In addition, Plaintiff's Complaint seeks attorneys' fees. *Complaint*, at p. 28. Recoverable attorneys' fees also are included in the amount in controversy calculation. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (prayer for attorneys' fees included in determining the amount in controversy where potentially recoverable by statute); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (court may estimate the amount of reasonable attorneys' fees likely to be recovered by a plaintiff if she were to prevail in determining whether amount in controversy exceeds $75,000). In 2001, the California Supreme Court upheld an award of attorneys' fees under FEHA for $1,088,231. *See Flannery v. Prentice*, 26 Cal. 4th 572 (2001); *see also Dwyer v. Crocker Nat'l Bank*, 194 Cal. App. 3d 1418 (1987) ($75,258 in attorneys' fees awarded under FEHA); *Zissu v. Bear, Stearns & Co.*, 805 F.2d 75 (1986) ($550,000 in attorneys' fees awarded under FEHA).

24. Therefore, although Defendants deny Plaintiff's allegations, for purposes of removal, the amount in controversy on Plaintiff's claims for special damages, general damages, punitive damages, and attorneys' fees combined far exceeds the jurisdictional minimum of $75,000.

25. By filing this Notice of Removal, Defendants do not waive any defenses which may be available to them.

26. If any question arises as to the propriety of the removal of this action, Defendants requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

1    27.    Defendants will promptly serve Plaintiff with this Notice of Removal and promptly
2 will file a copy of this Notice of Removal with the Clerk of the state court in which the removed
3 action has been pending, pursuant to 28 U.S.C. Section 1446(d).

4    30.    For all of the foregoing reasons, the State Court Action is removable to this Court
5 under 28 U.S.C. Sections 1331, 1332, 1367, 1441 and 1446.

6    WHEREFORE, having provided notice as required by law and based on the above, the
7 above-entitled action should hereby be removed from the Superior Court of the County of San
8 Francisco to this honorable District Court.

9    DATED:  February 17, 2015

10                       REED SMITH LLP

12                       By: /s/ Philip J. Smith
                             Michele J. Beilke
13                           Philip J. Smith
                             Attorneys for Defendants
14                           Ricoh Americas Corporation and Ricoh USA, Inc.

– 9 –     CASE NO. CGC-14-54346

DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

# CERTIFICATE OF SERVICE
<u>USDC, Northern of California Case No. _____</u>

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is REED SMITH LLP, 101 Second Street, Suite 1800, San Francisco, California 94105-3659. On February 17, 2015, I served the following document(s) by the method indicated below:

**DEFENDANTS RICOH AMERICAS CORPORATION'S AND RICOH USA, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1132, 1367, 1441, AND 1446**

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☑ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

Antonio Gallo, Esq.
The Law Offices of Antonio Gallo & Associates
5255 Pomona Boulevard, Suite 9
Los Angeles, CA 90022
Tel: 800.719.2551
Fax: 323.315.2274

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on February 17, 2015, at San Francisco, California.

*/s/ Antonia M. Bereal-Lee*
Antonia M. Bereal-Lee