# EXHIBIT A

Antonio Gallo, Esq. SBN: 262647
THE LAW OFFICES OF ANTONIO GALLO
AND ASSOCIATES

5255 Pomona Boulevard, Suite 9
Los Angeles, California 90022
Telephone: (800) 719-2551
Facsimile: (323) 315-2274

Attorney for Plaintiff, Patrick Rulo

ENDORSED
FILED
Superior Court of California
County of San Francisco

DEC 30 2014

CLERK OF THE COURT
BY: ROSSALY DELAVEGA-NAVARRO
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

CGC-14-543465

| | |
|---|---|
| PATRICK RULO, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES:** |
| vs. | 1) Discriminatory Termination in Violation of the California Family Rights Act (C.F.R.A.) and Government Code § 1945.2; |
| RICOH AMERICAS CORPORATION, RICOH USA, INC., AND DOES 1-100, | 2) Discriminatory Termination in Violation of the Family Medical Leave Act of 1993 (FMLA) and 29 USC § 2601, *et seq.*; |
| Defendants. | 3) Retaliation for Exercising Right to C.F.R.A.; |
| | 4) Tortious Termination in Violation of Public Policy Based California Family Rights Act (C.F.R.A.) and California Government Code § 12945.2; |
| | 5) Disability Discrimination in Violation of Fair Employment and Housing Act ("FEHA") and California Government Code § 12940; |
| | 6) Discrimination Based on Perceived Disability in Violation of Fair Employment and Housing Act ("FEHA") and California Government Code § 12926.1; |
| | 7) Disability Discrimination in Violation of FEHA, Failure to Engage in the Interactive Process, and California Government Code § 12940 (n); |
| | 8) Failure to Accommodate a Disability in Violation of FEHA and California Government Code § 12940; |
| | 9) Tortious Termination in Violation of Public Policy Based on the Disability Section of FEHA; |

1

COMPLAINT FOR DAMAGES

|   |   |
|---|---|
|   | ) 10) Breach of Implied-in-Fact Contract Not to Terminate Without Good Cause, *Guz v. Bechtel*, (2000) 24 Cal. 4th 317; <br> ) 11) Breach of the Implied Covenant of Good Faith and Fair Dealing, *Foley v. Interactive Data Corporation*, (1988) 24 Cal. 4th 317; <br> ) 12) Intentional Infliction of Emotional Distress; <br> ) 13) Negligent Infliction of Emotional Distress; and <br> ) 14) Unfair Business Practices in Violation of Business and Professions Code Section 17200, *et seq.*; <br> ) 15) Discrimination Based on Perceived Disability in Violation of Fair Employment and Housing Act ("FEHA"), California Government Code § 12926.1; <br><br> DEMAND FOR JURY TRIAL |

**NOW COMES PLAINTIFF PATRICK RULO** (hereinafter "PLAINTIFF") alleges, and complains against DEFENDANT RICOH AMERICAS CORPORATION, DEFENDANT RICOH USA, INC., and DOES 1 to 100, Inclusive, (hereinafter collectively "DEFENDANTS") as follows:

## I.

## JURISDICTION AND VENUE

1. Jurisdiction and venue are proper in this Court because some or all of the claims alleged herein arose in San Francisco County and some or all of the parties were and/or are residents of San Francisco County or are doing or did business in San Francisco County at all times relevant herein.

2. The amount in controversy in this matter exceeds the sum of $25,000.00, exclusive of interest and costs.

3. PLAINTIFF PATRICK RULO (hereinafter "PLAINTIFF") has met all of the jurisdictional requirements for proceeding with his claims under the Fair Employment and Housing Act ("FEHA"), codified at California Government Code, Section 12960, *et seq.*, by timely filing administrative complaints with the Department of Fair Employment and Housing

("DFEH") and receiving a Notice of Case Closure and a Right to Sue letter ("Right To Sue Letter") [Attached hereto as Exhibit "1"]. In addition, PLAINTIFF has complied with the Requirements of California Government Code §12962 by serving Defendants with his DFEH Charges, [See Exhibit "2"] and Right-to-Sue Letter.

## II.
## PARTIES

**PLAINTIFF:**

4. PLAINTIFF was employed by DEFENDANT RICOH AMERICAS CORPORATION from approximately April 2010 to approximately May 28, 2014, when he was wrongfully terminated. DEFENDANT RICOH USA, INC., exerted supervisorial and administrative control over PLAINTIFF for the duration of his employment.

5. During the entirety of his employment with Corporate DEFENDANTS, PLAINTIFF fully and satisfactorily performed the duties of his positions as a Field Service Representative and as a Site Supervisor for Managed Services Operations. PLAINTIFF was successful in all respects of his position as alleged herein.

**CORPORATE DEFENDANT:**

6. PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS are and at all times mentioned in this complaint, were authorized to operate by the State of California and the United States Government and authorized and qualified to do business in the County of Los Angeles. The DEFENDANTS' primary place of business as of the date of PLAINTIFF's termination was 225 Bush Street, San Francisco, CA 94104. PLAINTIFF served DEFENDANTS' various locations, including numerous other locations throughout the San Francisco area, at all relevant times.

**DOE DEFENDANTS:**

7. The true names or capacities, whether individual, associate or otherwise, of Doe DEFENDANTS 1-100, inclusive, are unknown to PLAINTIFF and, therefore, PLAINTIFF sues these Doe DEFENDANTS by such fictitious names. PLAINTIFF will seek leave of this Court to amend this Complaint to allege such names and capacities as soon as they are ascertained.

1  PLAINTIFF is informed and believes and thereon alleges that each of these fictitiously named
2  DEFENDANTS is responsible in some manner for the occurrences alleged herein, and that
3  PLAINTIFF's injuries and damages as alleged and set forth herein were proximately caused by
4  such fictitiously named DEFENDANTS.

**AGENCY/CO-CONSPIRATOR STATUS OF EACH DEFENDANT:**

8.  Each of the individual DEFENDANTS is sued individually and in his or her capacity as an agent, representative, manager, supervisor, independent contractor and/or employee of DEFENDANT RICOH AMERICAS CORPORATION and DEFENDANT RICOH USA, INC.

9.  PLAINTIFF is informed and believes and thereon alleges that at all times relevant herein, each and every DEFENDANT, including the Doe DEFENDANTS, acted in concert and in furtherance of each other's interest. The acts of the individually named DEFENDANTS, as described herein, were known to and ratified by DEFENDANT RICOH AMERICAS CORPORATION and DEFENDANT RICOH USA, INC. The acts and conducts of each and every DEFENDANT as described herein, which were intentional, harassing, and discriminatory were not a normal part of PLAINTIFF's employment and were not the result of a legitimate business necessity.

### III.

### FACTS COMMON TO ALL CAUSES OF ACTION

10.  PLAINTIFF was hired by DEFENDANTS on or about April 2010, as a Field Service Representative in the San Francisco area. Subsequently, on in or about October 2012, PLAINTIFF became Production Center Technician, also known as a Site Supervisor for Managed Services Operations. PLAINTIFF continued to work for DEFENDANTS as a Production Center Technician until approximately May 28, 2014, when he was wrongfully terminated. Throughout his tenure of employment with DEFENDANTS, PLAINTIFF carried out all of his duties in an exemplary manner and he maintained an outstanding reputation for excellence. PLAINTIFF's commitment to his work and position at DEFENDANTS' was well known.

11. During the entirety of his employment with DEFENDANTS, PLAINTIFF fully and satisfactorily performed the duties of his positions. PLAINTIFF was successful in all respects of his position.

12. On or about December 2011, PLAINTIFF informed his immediate supervisor, Pat French, and Defendants' Human Resources Manager, Jennifer Cooke, that he would be seeking treatment from the Veterans Administration (VA) for his PTSD. On December 22, 2011, PLAINTIFF sent an email to Pat French explaining how stressful his position had become and how he was seeking diagnosis and treatment from the VA. [See Exhibit "3"]. PLAINTIFF received no response to his email.

13. Mr. Rulo began treating at the VA and sent his immediate supervisor, Steve Schuman, an email on or about June 6, 2012 requesting to leave work early *twice a month* for therapy at the VA. Steven Schuman responded, "What you are telling me in your email below is that you require special accommodations in order to work." [See Exhibit "4"]. PLAINTIFF next notified Defendants Human Resource Manager, Jennifer Cooke, about his need to attend therapy twice a month.

14. On or about June, 2012, DEFENDANTS gave PLAINTIFF an evaluation for the period of October 1, 2011 to July 31, 2012. PLAINTIFF did not receive a raise despite receiving a successful evaluation. PLAINTIFF complained to DEFENDANTS' ombudsman who convened a meeting between PLAINTIFF and DEFENDANTS' employee, Roger Candor, Integrated Account Manager, San Francisco Bay Area on or about July 27, 2012. At this meeting, PLAINTIFF asked DEFENDANTS' employee, Roger Candor why PLAINTIFF had not received a raise and Roger Candor replied, "Well, what did you do?"

15. During the meeting on or about July 27, 2012 between PLAINTIFF and DEFENDANTS' employee Roger Candor, Integrated Account Manager, San Francisco Bay Area, knowing PLAINTIFF was a veteran, told PLAINTIFF he needed to take "leadership lessons." PLAINTIFF responded that he was a combat veteran who had led soldiers in battle. Candor replied, "Then "take charge" of his career."

16. PLAINTIFF transferred from the San Francisco area to South Lake Tahoe, CA on or about October 2012. PLAINTIFF was assigned to Barton Memorial Hospital. PLAINTIFF was made to wear a Barton Memorial Hospital uniform and report to three separate supervisors: Kris Katay (Wohn), Integrated Account Manager, Managed Services for DEFENDANT RICOH USA, INC.; Jim Henderson, Director of Supply Chain for Barton Hospital; and Jim Pilsner, owner of Nevada Office Machines. In approximately April 2013, Kris Katay was replaced by Cheri Fry, Service Manager/Integrated Account Manager for DEFENDANT RICOH USA, INC.

17. On or about March 6, 2013, PLAINTIFF notified RICOH USA, INC. Human Resources Manager, Jennifer Cooke, that he received a disability rating from the Veteran's Administration for combat-related post-traumatic stress disorder (PTSD). [See Exhibit "5"]. PLAINTIFF explained to DEFENDANTS his PTSD caused him to have difficulty dealing with stressful situations, particularly when PLAINTIFF did not have any control over said situations. PLAINTIFF requested reasonable accommodations for his disability.

18. On or about March 7, 2013, PLAINTIFF sent an email to DEFENDANT employee and PLAINTIFF's Supervisor, Kris Kitay, Integrated Account Manager Managed Services, and Barton Memorial Hospital employee and PLAINTIFF's supervisor, Jim Henderson, letting both know PLAINTIFF had an upcoming appointment with the VA regarding his disability. DEFENDANT employee Kris Kitay replied, "You probably should not have used the disability word in your email Pat." [See Exhibit "6"].

19. Immediately after PLAINTIFF disclosed his disability to DEFENDANTS, DEFENDANTS' employee Kris Kitay, Integrated Account Manager Managed Services began making statements to PLAINTIFF such as, "Don't freak out," and "Take a deep breath and calm down." Kris Kitay stated to PLAINTIFF on a telephone call, "The whole world knows you have PTSD."

20. On or about March 19, 2013, PLAINTIFF sent an email to DEFENDANTS' employee, Kris Kitay, noting Ms. Kitay had twice told PLAINTIFF not to disclose his

disability. PLAINTIFF, in his email, asked Ms. Kitay if there was a company policy prohibiting the disclosure of his disability. [See Exhibit "7"].

21. In late April 2013, DEFENDANTS gave PLAINTIFF an evaluation dated February 24, 2013. On or about May 1, 2013, PLAINTIFF provided a written rebuttal to the evaluation in which PLAINTIFF complained to DEFENDANTS' employee Kris Kitay about her use of hurtful words in reference to PLAINTIFF's disability. [See Exhibit "8"].

22. On or about June 11, 2013, Jim Pilsner, owner of Nevada Office Machines, called PLAINTIFF and yelled at him, berated him and humiliated until PLAINTIFF terminated the telephone call. PLAINTIFF told Jim Pilsner several times if he did not stop yelling and berating him, PLAINTIFF would terminate the call. PLAINTIFF reported the incident to Kris Kitay. Instead of providing PLAINTIFF reasonable accommodations to PLAINTIFF by ensuring Jim Pilsner did not continue to engage in hostile behavior towards PLAINTIFF, DEFENDANT RICOH USA, INC. gave PLAINTIFF a written counseling statement.

23. On or about June 13, 2013, DEFENDANTS sent a letter and questionnaire to PLAINTIFF's Veterans Administration (VA) healthcare provider requesting specific and detailed answers regarding Plaintiff's disability. PLAINTIFF's VA healthcare provider provided DEFENDANT RICOH USA, INC. with specific and detailed information regarding PLAINTIFF's disability. PLAINTIFF's VA healthcare provider responded to Defendants' request stating, "Highly stressful situations in which temporarily disengaging himself & collecting himself is not possible may result in this individual becoming emotionally overwhelmed & shutting down." [See Exhibit "9"].

24. On or about August 13, 2013, PLAINTIFF sent an email to DEFENDANT employee and supervisor to PLAINTIFF, Cheri Fry, Service Manager/Integrated Account Manager, conveying his frustration over reporting to three separate supervisors and requesting a formal chain of command. DEFENDANTS did not address PLAINTIFF's concerns or provided a formal chain of command.

25. On or about Saturday, March 1, 2014, PLAINTIFF notified DEFENDANT employee and supervisor to PLAINTIFF, Cheri Fry, Service Manager/Integrated Account

Manager that PLAINTIFF had shattered both of his wrists after a serious fall. On May 5, 2014, Plaintiff sent DEFENDANTS a "RETURN TO WORK FORM" completed by his physician stating Plaintiff could return to work on June 1, 2014. [See Exhibit "10"]. Cheri Fry sent PLAINTIFF an email on or about Sunday, March 9, 2014 notifying PLAINTIFF she had applied a sick day to PLAINTIFF's day off on Friday, February 28, 2014 and had applied vacation time to the week of March 3, 2014 to March 7, 2014.

26. DEFENDANTS approved PLAINTIFF's Family Medical Leave Act (FMLA) application and granted PLAINTIFF up to twelve weeks off starting from March 10, 2014. On or about May 27, 2014 PLAINTIFF notified DEFENDANT employees Cheri Fry and Jennifer Cooke that PLAINTIFF would be returning to work on Monday, June 2, 2014.

27. PLAINTIFF worked for twelve continuous months prior to taking FMLA in March 2014 and worked at least 1,250 hours during the same period.

28. On or about May 28, 2014, DEFENDANTS' employee Beth Harrison, Sr. Human Resources Generalist Employee Relations and Engagement, contacted PLAINTIFF to inform him he was terminated.

29. PLAINTIFF's termination was not the result of Plaintiff's lacking performance or because of changes in Defendant's business needs, necessity or structure. Instead, as the following complaint explains in detail, it was as the result of DEFENDANTS' illegal, prohibited, retaliatory, harassing and/or discriminative motivations.

30. DEFENDANTS terminated PLAINTIFF's employment due to his disability and his taking disability and/or medical leave pursuant to California Family Rights Act.

## FIRST CAUSE OF ACTION

## DISCRIMINATORY TERMINATION IN VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT, CALIFORNIA GOVERNMENT CODE § 12945.2

(Against All Defendants)

31. The allegations set forth in Paragraphs 1 through 30 are re-alleged and incorporated herein by reference.

32. At all times herein mentioned, FEHA, Government Code §§12900-12996, was in full force and effect and was binding on DEFENDANTS. This included Government Code §12945.2 et. seq. which is commonly referred to as the California Family Rights Act. This Statute required DEFENDANTS to refrain from discriminating or retaliating against any employee on the basis of that employee's need to take a leave to tend to his own serious medical condition or having taken such leave. (Government Code §§12945.2 (a) and (l)).

33. PLAINTIFF suffered from combat-related post-traumatic stress disorder, which DEFENDANT was made aware of by PLAINTIFF and/or his treating physicians.

34. PLAINTIFF was also was placed on FMLA leave of from March 10, 2014 until June 1, 2014, which DEFENDANTS were made aware of by PLAINTIFF and/or his treating physicians on numerous occasions.

35. PLAINTIFF believes and thereon alleges that the leave he took to tend to his serious medical condition was a factor in DEFENDANTS' termination of his employment as well as discrimination and retaliation.

36. DEFENDANTS engaged in a pattern and practice of terminating employees for illegal and prohibitive reasons in violation of State and Federal Laws and/or Statues.

37. As a proximate result of DEFENDANTS' willful, knowing, and intentional discrimination of PLAINTIFF, PLAINTIFF has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

38. DEFENDANTS, and each of them, have committed the acts herein alleged maliciously and oppressively, with the wrongful intention of injuring PLAINTIFF, with an improper and intentional motive amounting to malice and in conscious disregard of PLAINTIFF's rights. Accordingly, PLAINTIFF requests the assessment of punitive damages against DEFENDANTS, in an amount appropriate to punish and make an example of them.

39. PLAINTIFF has incurred and continues to incur legal expenses and attorney fees and seeks reimbursement of his attorney's fees pursuant to California Government Code, §12965(b).

## SECOND CAUSE OF ACTION

## DISCRIMINATORY TERMINATION IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT OF 1993 (FMLA) AND 29 USC § 2601, *ET SEQ.*

**(Against All Defendants)**

40. The allegation set forth in paragraphs 1 through 39 of this Complaint are realleged and incorporated herein by reference.

41. At all times herein mentioned, the Family Medical Leave Act of 1993 (FMLA), 29 USC § 2601, *et seq.*, was in full force and effect and was binding on DEFENDANT who employed fifty (50) or more employees during each of the twenty (20) or more calendar weeks in the current or preceding calendar year. 29 USC § 2611(4)(A)(i). An exception for FMLA is provided if an employer has less than 50 employees within 75 miles of the worksite of the employee requesting FMLA leave. 29 USC § 2611(2)(B). The date for making the "50/75" determination is upon employee's notice of leave. 29 CFR § 825.110(e).

42. PLAINTIFF suffered from combat-related post-traumatic stress disorder, which DEFENDANT was made aware of by PLAINTIFF and/or his treating physicians.

43. PLAINTIFF was also was placed on FMLA leave of from March 10, 2014 until June 1, 2014, which DEFENDANT was made aware of by PLAINTIFF and/or his treating physicians on numerous occasions.

44. PLAINTIFF believes and thereon alleges that the leave he took to tend to his serious medical condition was a factor in DEFENDANTS' termination of his employment as well as discrimination and retaliation.

45. DEFENDANTS engaged in a pattern and practice of terminating employees for illegal and prohibitive reasons in violation of State and Federal Laws and/or Statues.

46. As a proximate result of DEFENDANTS' willful, knowing, and intentional discrimination of PLAINTIFF, PLAINTIFF has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

47. DEFENDANTS, and each of them, have committed the acts herein alleged

maliciously and oppressively, with the wrongful intention of injuring PLAINTIFF, with an improper and intentional motive amounting to malice and in conscious disregard of PLAINTIFF's rights. Accordingly, PLAINTIFF requests the assessment of punitive damages against DEFENDANTS, in an amount appropriate to punish and make an example of them.

48. PLAINTIFF has incurred and continues to incur legal expenses and attorney fees and seeks reimbursement of his attorney's fees pursuant to California Government Code, §12965(b).

## THIRD CAUSE OF ACTION

**RETALIATION FOR EXERCISING THE RIGHT TO C.F.R.A. LEAVE UNDER GOVERNMENT CODE § 12945.2.**

**(Against All Defendants)**

49. The allegations set forth in paragraphs 1 through 48 of this Complaint are re-alleged and incorporated herein by reference.

50. At all times herein mentioned, the Fair Employment and Housing Act ["FEHA"], Government Code § 12940(a), et seq., were in full force and effect and binding on DEFENDANTS. At all relevant times, DEFENDANTS were subject to the California Family Rights Act, ["C.F.R.A."], Government Code § 12945.2, which is part of the F.E.H.A. These C.F.R.A. statutes required DEFENDANTS to allow Plaintiff up to twelve (12) workweeks of leave for a qualifying leave, the right to preservation of benefits during the leave period, the right to reinstatement upon completion of the protected leave, and the prohibition against retaliation for exercising PLAINTIFF's rights. Within the time provided by law, PLAINTIFF filed his Complaint with the Department of Fair Employment and Housing ["DFEH"] in full compliance with the administrative requirements and received a right-to-sue letter. In addition, PLAINTIFF in timely manner also complied with the Requirements of California Government Code §12962 by serving Defendants with his DFEH Charges and Right-to-Sue Letter. Plaintiff exhausted his administrative remedies under C.F.R.A by exhausting his DFEH. remedies. *Dudley v. Department of Transportation*, 90 Cal. App. 4th 255, 266.

51. At all relevant times PLAINTIFF was eligible to take C.F.R.A. leave.

52. Due to PLAINITIFF'S serious health condition of combat-related post-traumatic stress disorder (PTSD) and having broken his wrist requiring surgery to repair, he was subjected to receiving continued treatment and/or supervision by his treating physicians and/or psychologists.

53. PLAINTIFF exercised his right to C.F.R.A. leave pursuant to his treating physician's orders.

54. PLAINTIFF was terminated by Defendants on account of his exercise of his right to take C.F.R.A. leave.

55. PLAINTIFF believes and thereon alleges that his exercise of C.F.R.A. leave was a motivating and substantial factor in DEFENDANT'S termination of his employment.

56. DEFENDANTS engaged in a pattern and practice of terminating employees for illegal and prohibitive reasons in violation of State and Federal Laws and/or Statutes.

57. As a proximate result of DEFENDANTS' willful, knowing and intentional discrimination of PLAINTIFF, PLAINTIFF has sustained and continues to sustain substantial losses in earnings and other employment benefits.

58. As a proximate result of DEFENDANTS' willful, knowing, and intentional discrimination of PLAINTIFF, PLAINTIFF has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

59. DEFENDANTS, and each of them, have committed the acts herein alleged maliciously and oppressively, with the wrongful intention of injuring PLAINTIFF, with an improper and intentional motive amounting to malice and in conscious disregard of PLAINTIFF'S rights. Accordingly, PLAINTIFF requests the assessment of punitive damages against DEFENDANTS, in an amount appropriate to punish and make an example of them.

60. PLAINTIFF has incurred and continues to incur legal expenses and attorney fees and seeks reimbursement of his attorney's fees pursuant to California Government Code, §12945.2.

///

# FOURTH CAUSE OF ACTION

## TORTIOUS TERMINATION IN VIOLATION OF PUBLIC POLICY BASED UPON C.F.R.A. – *Ely vs. Wal\*Mart* (C.D.Cal. 1995) 875 F. Supp. 1422 and GOVERNMENT CODE § 12945.2

### (Against All Defendants)

61. The allegations set forth in Paragraphs 1 through 60 are re-alleged and incorporated herein by reference.

62. The California Governmental Code §12945.2, the California Family Rights Act, prohibits discrimination based an employee's request for leave based upon their own serious medical condition. PLAINTIFF believes and alleges that DEFENDANT terminated PLAINTIFF in part on the basis of his leave to care for his own serious medical condition and the need for care related to his combat-related post-traumatic stress disorder (PTSD). In doing so, DEFENDANT discriminated against PLAINTIFF on the basis of his leave in violation of the policy behind Governmental Code §12945.2.

63. As a proximate result of DEFENDANTS' willful, knowing, and intentional discrimination of PLAINTIFF, PLAINTIFF has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

64. As a proximate result of DEFENDANT's willful, knowing and intentional discrimination against PLAINTIFF, PLAINTIFF has sustained and continues to sustain substantial losses in earnings and other employment benefits;

65. DEFENDANTS, and each of them, have committed the acts herein alleged maliciously and oppressively, with the wrongful intention of injuring PLAINTIFF, with an improper and intentional motive amounting to malice and in conscious disregard of PLAINTIFF's rights. Accordingly, PLAINTIFF requests the assessment of punitive damages against DEFENDANTS, in an amount appropriate to punish and make an example of them.

66. PLAINTIFF has incurred and continues to incur legal expenses and attorney fees and seeks reimbursement of her attorney's fees pursuant to California Government Code, §12965(b).

## FIFTH CAUSE OF ACTION

## DISABILITY DISCRIMINATION IN VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT ("FEHA") AND CALIFORNIA GOVERNMENT CODE § 12940

(Against All Defendants)

67. The allegations set forth in Paragraphs 1 through 66 are re-alleged and incorporated herein by reference.

68. At all times herein mentioned, the Fair Employment and Housing Act ["FEHA"], Government Code §12940(a), was in full force and effect and binding on DEFENDANT. These statutes required DEFENDANT to refrain from discriminating and/or harassing against any employee on the basis of a physical and/or mental disability. Within the time provided by law, PLAINTIFF filed his Complaint with the Department of Fair Employment and Housing ["DFEH"] in full compliance with the administrative requirements and received a right-to-sue letter. In addition, PLAINTIFF in timely manner also complied with the Requirements of California Government Code §12962 by serving Defendants with his DFEH Charges and Right-to-Sue Letter.

69. During PLAINTIFF's employment, DEFENDANTS through their supervisors and agents engaged in actions intentionally that resulted in PLAINTIFF being treated less favorably because of his disability. PLAINTIFF suffered from combat-related post-traumatic stress disorder (PTSD). Despite these conditions, PLAINTIFF was able to perform the essential functions of his employment position with DEFENDANT both with and without reasonable accommodation.

70. On or about June 2, 2014, PLAINTIFF attempted to work after his disability leave. Despite this disability and/or leave, upon his return to work, PLAINTIFF was still able to perform the essential functions of his employment at DEFENDANT.