UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK RULO,<br><br>   Plaintiff,<br><br>   v.<br><br>RICOH AMERICAS CORPORATION, et al.,<br><br>   Defendants. | Case No. 15-cv-00736-HSG   (JSC)<br><br>**ORDER RE: DISCOVERY DISPUTE**<br><br>Re: Dkt. Nos. 24, 29 |

Plaintiff Patrick Rulo ("Plaintiff") brings this wrongful termination action against his former employer, Defendants Ricoh Americas Corp., as well as Ricoh USA, Inc. and a number of Die Defendants. This action has been referred to the undersigned magistrate judge for resolution of discovery disputes. (Dkt. No. 26.) Now pending before the Court is a discovery dispute pertaining to (1) whether Plaintiff waived objections to Defendants' Initial Discovery Requests by failing to make timely written responses, (2) the scheduling of Plaintiff's deposition, (3) whether Defendants' boilerplate objections to Plaintiff's discovery requests are insufficient, and (4) the parties' Stipulation for ADR Conference—namely, the type of ADR requested.[1] (Dkt. Nos. 24, 29.) Having considered the parties' submissions, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and rules as follows.

**DISCUSSION**

**A.    Plaintiff's Objections to Defendants' Written Discovery**

A party to whom an interrogatory or request for production is directed must respond in

---

[1] Plaintiff also raised the issue of the need for a Stipulated Protective Order, but the district court entered the parties' Stipulated Protective Order shortly after Plaintiff filed her declaration describing the discovery dispute. (Dkt. No. 25.)

1  writing within 30 days after being served.  Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A).  It is well
2  established that a failure to object to discovery requests within the time required constitutes a
3  waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473
4  (9th Cir. 1992); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("[T]he failure to object to
5  discovery requests within the time required constitutes a waiver of objection."); *see, e.g.*, *Rijhwani*
6  *v. Wells Fargo Home Mortg., Inc.*, No. C 1305881 LB, 2015 WL 848554, at *1-2 (N.D. Cal. Jan.
7  28, 2015) (holding that a party who failed to timely respond to RFPs waived his right to object to
8  them).  However, the court retains discretion to excuse untimely objections to interrogatories and
9  requests for production upon a finding of good cause.  *See* Fed. R. Civ. P. 33(b)(4) ("The grounds
10 for objecting to an interrogatory must be stated with specificity.  Any ground not stated in a timely
11 objection is waived unless the court, for good cause, excuses the failure."); *Lam v. City & Cnty. of*
12 *San Francisco*, No. 4:10-cv-04641-PJH (LB), 2015 WL 4498747, at *2 (N.D. Cal. July 23, 2015)
13 (noting that courts have "read into Rule 34 the discretion granted under Rule 33(b)(4) (dealing
14 with interrogatories) to excuse untimely objections to requests for production") (quotation marks
15 and citation omitted); *see also Brown v. Stroud*, No. C-08-02348-VRW (DMR), 2010 WL
16 3339524, at *1 (N.D. Cal. Aug. 24, 2010) ("Although Rule 34 does not expressly provide for any
17 relief from a waiver of objections as does Rule 33, courts have granted such relief upon a showing
18 of good cause.") (citations omitted).

19      Here, Defendants propounded their Initial Discovery Requests, which included a set of
20 interrogatories and requests for production of documents ("RFPs"), on May 8, 2015.  By operation
21 of the Federal Rules of Civil Procedure, Plaintiff's responses were due on June 11, 2015.  *See* Fed.
22 R. Civ. P. 6, 33(b)(2), 34(b)(2)(A).  On June 9, 2015, Plaintiff requested an extension to June 25,
23 2015.  Defendants agreed to the extension.  The day after the deadline had passed, Plaintiff
24 requested a second extension and notified Defendants that Plaintiff would be substituting in new
25 counsel.  It appears that Defendants refused the second extension, instead only notifying Plaintiff
26 that his deadline to respond had passed.  On July 15, 2015, Defendants informed Plaintiff's prior
27 counsel that Defendants still had not received Plaintiff's responses to the Initial Discovery
28 Requests.

On August 12, 2015, Plaintiff's prospective substitute counsel informed Defendants that the substitution was imminent and requested a 30-day extension to respond if there was any outstanding discovery. Plaintiff contends that Defendants refused to respond to the request for an extension until the substitution of attorney had been filed. Plaintiff's substitute counsel filed a notice of appearance on August 17, 2015. On August 26, 2015, defense counsel informed substitute counsel that Plaintiff had waived objections to the Initial Discovery Requests by failing to respond. In Plaintiff's view, his substitute counsel had never been served with the discovery requests so could not have been obligated to respond and had also understood there to be a discovery hold pending the substitution. Defendants never agreed to such a hold. Plaintiff served his discovery responses—with objections—to the Initial Discovery Requests on September 11, 2015, but Defendants contend that they did not receive them until October 7, 2015. (*Compare* Dkt. No. 24-1 at 4, *with* Dkt. No. 29 at 4.)

Based on this record, the Court concludes that Plaintiff missed the deadline to respond to Defendants' Initial Discovery Requests. While Plaintiff may have hoped that his discovery obligations were stayed while he sought substitute counsel, Defendants did not agree to do so. And while Plaintiff may have expected Defendants to grant his request for a further extension of his discovery deadline once substitute counsel came on board—surely a reasonable request—Defendants did not agree to this, either. Thus, on the current record, the Court concludes that Plaintiff waived his objections to the Initial Discovery Requests.

However, such waiver may be excused upon a finding of good cause. "In determining whether a party has good cause, the court will consider factors including the length of the delay, the reason for the delay, bad faith, prejudice to the propounding party, the appropriateness of the requests, and whether the waiver would result in an excessively harsh result." *Landon v. Ernst & Young LLP*, No. Nos. C08-02853 JF (HRL) *et al.*, 2009 WL 4723708, at *1 (N.D. Cal. Dec. 2, 2009) (quotation marks and citation omitted). Courts have found good cause to waive failure to serve timely discovery responses under a number of circumstances, including when the party sought to stay discovery but no stay was ever in effect, *see Brown*, 2010 WL 3339524, at *2; where a five-day delay due to a calendaring error would not result in any prejudice to the serving

party as discovery was ongoing, *see Karr v. Napolitano*, No. C 11-02207 LB, 2012 WL 1965855, at *6 (N.D. Cal. May 31, 2012); and where a party had no reason for a two-week delay in discovery responses but concluded that finding waiver would be an unwarranted "draconian result[,]" *see Batts v. Cnty. of Santa Clara*, No. C08-00286 JW (HRL), 2010 WL 1027990, at *1 (N.D. Cal. Mar. 18, 2010).

Here, Plaintiff's responses to the Initial Discovery Requests were between two and three months late, which is a long delay given that discovery started in May and was set to close six months later in November.[2] (*See* Dkt. No. 20.) Plaintiff submits that the delay was due to Plaintiff's need to find substitute counsel, and Defendants do not provide the Court with any reason to doubt Plaintiff's explanation. Significantly, Defendants have not expressed how they have been prejudiced in any way by the delay, and any prejudice is not self evident. To the contrary, Defendants were not forced to file any dispositive or other motions in the absence of Plaintiff's responses; what is more, discovery is ongoing, Defendants now have their responses, and there is still time left in the discovery period for depositions. Without any prejudice, the Court concludes that total waiver of Plaintiff's objections would be an excessively and unnecessarily harsh result. *See, e.g.*, *Karr*, 2012 WL 1965855, at *6 ("[W]ithout any prejudice, the court believes that a complete waiver of Defendant's objections would be a disproportionately harsh result."). Accordingly, and in light of the substitution of counsel, the Court finds good cause to excuse Plaintiff's two-month delay in responding to Defendants' initial discovery requests and therefore denies Defendants' request for an order compelling Plaintiff to respond to the Initial Discovery Requests without any objections.

**B.     Scheduling Plaintiff's Deposition**

The next dispute pertains to the parties' efforts to schedule Plaintiff's deposition. Defendants initially noticed Plaintiff's deposition for June 17, 2015. On June 9, Plaintiff informed Defendants that he was not available on that date. On June 26, Plaintiff's former counsel notified Defendants that he was no longer representing Plaintiff. Substitute counsel appeared on August

---

[2] The parties have since agreed to a 30-day extension of the fact discovery cut-off, but the district court has not yet ruled on their request. (*See* Dkt. No. 28; Dkt. No. 29 at 6.)

18, 2015. On August 26, 2015, Defendants asked Plaintiff's substitute counsel to schedule Plaintiff's deposition. Plaintiff's counsel responded that the deposition needs to be on a Friday because that is the only day that does not interfere with Plaintiff's school schedule. Defendants, in turn, notified Plaintiff that they cannot schedule the deposition for Fridays or Mondays due to Defendants' and defense counsel's work and travel commitments. Thus, Defendants noticed Plaintiff's deposition for Wednesday, November 18, 2015, but offered to change the date to November 17 or 19.

Plaintiff seeks an order requiring Defendants to notice Plaintiff's deposition for a Friday. Defendants seek an order compelling Plaintiff to appear for his deposition on November 17, 18 or 19 or another Tuesday, Wednesday or Thursday thereafter, and to order that Plaintiff's deposition be held before any defense witnesses are deposed. Having considered the parties' dispute, the Court declines to grant Plaintiff's request and grants Defendants' in part. Plaintiff chose to bring this action, and part of prosecuting a claim is appearing for a deposition, even when not entirely convenient. As such, Plaintiff must make himself available for deposition on November 17, 18, or 19, 2015. The Court declines Defendants' invitation to issue an order requiring Plaintiff's deposition to occur before those of any defense witnesses.

**C.  Other Issues**

The Court declines to address the disputes pertaining to Defendants' discovery responses as it does not appear that they have fully met and conferred on the responses as the Court's Standing Order requires. Thus, the Court denies without prejudice to the parties re-raising these issues in a joint letter brief, though the Court is hopeful that the parties can resolve these disputes among themselves.

The Court shall ask the ADR Department so schedule an ADR telephone call with the parties to facilitate selection of an appropriate ADR process.

**CONCLUSION**

For the reasons described above, Plaintiff may object to Defendants' Initial Discovery Requests, but he must appear for his deposition on November 17, 18, or 19, 2015. Plaintiff shall advise Defendants by October 30, 2015 of the date selected. The parties shall also participate in

5

an ADR telephone conference.

This Order disposes of Docket Nos. 24 and 29.

**IT IS SO ORDERED.**

Dated: October 27, 2015

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge