UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK RULO,<br>        Plaintiff,<br>    v.<br>RICOH AMERICAS CORPORATION, et al.,<br>        Defendants. | Case No. 15-cv-00736-HSG   (JSC)<br><br>**ORDER RE: DISCOVERY DISPUTE**<br>Re: Dkt. No. 33 |

    Plaintiff Patrick Rulo ("Plaintiff") brings this employment discrimination action against his former employer, Defendants Ricoh Americas Corp., as well as Ricoh USA, Inc. and a number of Doe Defendants. This action has been referred to the undersigned magistrate judge for resolution of discovery disputes. (Dkt. No. 26.)

    In late October the Court issued an Order addressing, among other things, the parties' dispute about the date of Plaintiff's deposition. (Dkt. No. 30.) Specifically, the Court declined Plaintiff's request for an order requiring his deposition to occur on a Friday, noting that "Plaintiff chose to bring this action, and part of prosecuting a claim is appearing for a deposition, even when not entirely convenient" (*id.* at 5), and ordered Plaintiff to appear for his deposition on November 19, 2015. Now the parties have filed a second joint letter brief about Plaintiff's deposition, this time disputing its time and location. (Dkt. No. 33.)

    Defendants have noticed Plaintiff's deposition for San Francisco. Plaintiff seeks an order compelling the deposition to occur in South Lake Tahoe, where he lives. He argues that state law should govern his deposition location, and state law requires the deposition be taken within 75 miles of the deponent's residence. At some point during the parties' negotiations, Plaintiff requested a videotaped deposition, and Defendants declined.

1    Plaintiff filed this action in San Francisco Superior Court, and Defendants removed it here.
2 "Once a case is removed to Federal court, the Federal Rules of Civil Procedure apply[.]" *Sterling*
3 *Savings Bank v. Fed. Ins. Co.*, No. CV-12-0368-LRS, 2012 WL 3143909, at *2 (E.D. Wash. Aug.
4 1, 2012) (citation omitted). Rule 30 governs depositions, and it provides that "[a] party who wants
5 to depose a person by oral questions . . . must state the time and place of the deposition." Fed. R.
6 Civ. P. 30(b)(1). "Generally, this means that the examining party may unilaterally choose a
7 deposition's location." *S.E.C. v. Banc de Binary*, No. 2:13-CV-993-RJC-VCF, 2014 WL
8 1030862, at *3 (citations omitted); *see also Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 628
9 (C.D. Cal. 2005) (same). However, the examining party's choice is limited by two principles.
10 First, under Rule 26(c), courts may protect a deponent "from annoyance, embarrassment,
11 oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Rule 26(c) vests in the court
12 "wide discretion" to set a deposition's location. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th
13 Cir. 1994) (citation omitted).
14    Second, there are general presumptions about where a deposition should occur. "There is a
15 general presumption that the deposition of a defendant should be conducted in the district of his
16 residence [because] while plaintiffs bring the lawsuit and . . . exercise the first choice as to the
17 forum, [t]he defendants, on the other hand, are not before the court by choice." *See Fausto v.*
18 *Credigy Serv. Corp.*, 251 F.R.D. 427, 429 (N.D. Cal. 2008) (internal quotation marks and citation
19 omitted). For a plaintiff, "courts ordinarily presume that a plaintiff may be deposed in the judicial
20 district where the action was brought, inasmuch as the plaintiff, in selecting the forum, has
21 effectively consented to participation in legal proceedings there." *In re Outsidewall Tire Litig.*,
22 267 F.R.D. 466, 471 (E.D. Va. 2010). To overcome this presumption, the plaintiff must
23 "persuasively demonstrate" that traveling to the forum for his deposition "would, for physical and
24 financial reasons, be practically impossible, or that it would otherwise be fundamentally unfair."
25 *Id.*
26    Here, Plaintiff did not choose the Northern District of California as his forum: he filed this
27 action in San Francisco County Superior Court. Had the case remained in state court, state
28 discovery rules would have resulted in the deposition occurring within 75 miles of Plaintiff's

residence. *See* Cal. Code Civ. Proc. § 2025.250 ("Unless the court orders otherwise . . . the deposition of a natural person . . . shall be taken at a place that is . . . either within 75 miles of the deponent's residence, or within the county where the action is pending and within 150 miles of the deponent's residence"). Defendant then removed to this District. (Dkt. No. 1.) Still, the motivations underlying the federal court deposition location presumptions are in force: Plaintiff filed this action in San Francisco County Superior Court, which led to removal in this District. In contrast, had Plaintiff filed suit in his home county court, removal would have been to the Eastern District of California. Thus, Plaintiff's strategic choice ultimately led to this Court's jurisdiction and, accordingly, to this District being the presumptive location for his deposition. While Plaintiff argues that he filed suit in San Francisco relying on state law provisions mandating that his deposition would take place elsewhere, he plainly availed himself of San Francisco courts, in anticipation of attending trial in San Francisco. Thus, the Court presumes that deposition in San Francisco, the heart of the Northern District of California and where Plaintiff initially filed suit, is reasonable.

Plaintiff has not "persuasively demonstrated" that traveling to San Francisco for the deposition would be practically impossible or fundamentally unfair. *See In re Outsidewall Tire Litig.*, 267 F.R.D. at 471. In fact, Plaintiff offers no evidence of hardship in his portion of the letter brief, instead stating only in a conclusory fashion that "it imposes a severe hardship on Plaintiff to appear . . . in San Francisco" on the date of the deposition. (Dkt. No. 33 at 2.) The Court takes judicial notice that South Lake Tahoe is over 200 miles from San Francisco—approximately four hours by car. But in light of his choice to file suit in San Francisco, and his failure to explain why the four-hour drive makes it practically impossible or fundamentally unfair for him, deposition in San Francisco is reasonable.

Accordingly, the Court ORDERS Plaintiff to appear for his deposition on November 19, 2015 in San Francisco. To account for travel time, the Court orders the deposition to begin at 11:00 a.m. and end no later than 6:00 p.m. Any further deposition testimony may occur via videoconference.

This Order disposes of Docket No. 33.

**IT IS SO ORDERED.**

Dated: November 12, 2015

                                           JACQUELINE SCOTT CORLEY
                                           United States Magistrate Judge